# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Luzangela Ospina**<br>36550 Chester Rd., Apt 3501<br>Avon, Ohio 44011<br><br>　　　Plaintiff,<br><br>v.<br><br>**Regent Asset**<br>**Management Solutions, Inc.**<br>c/o CSC-Lawyers Inc. Service<br>50 W. Broad Street, Suite 1800<br>Columbus, Ohio 43215<br><br>&<br><br>**D. Scott Caruthers Law**<br>8448 Katella Avenue, Suite 100<br>Stanton, California 90680<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>**Jury Demanded Hereon** |

## I. JURISDICTION

1.　　Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. §1367 for pendent state law claims.

## II. PARTIES

2.　　Plaintiff, Luzangela Ospina ("Ms. Ospina"), is a natural person who resides in the City of Avon, County of Lorain and the State of Ohio, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), 15 U.S.C. §1681a(c), and ORC §1345.01(D).

1

3. Defendant, Regent Asset Management Solutions ("Regent"), is a foreign corporation doing business in the state of Ohio. Regent is also a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant D. Scott Caruthers Law ("DSC") is a foreign corporation doing business in the state of Ohio. DSC is also a debt collector as defined by the FDCPA.

5. The events that give rise to this Complaint are related to the improper attempts to collect a debt used primarily for family and household purposes and as defined by 15 U.S.C. § 1692.

### III. VENUE

6. Venue in this judicial district is proper because Plaintiff resides in this judicial district, and many of the facts relevant to this Complaint occurred in this judicial district.

### IV. FACTUAL ALLEGATIONS

7. Ms. Ospina signed up for a trial period gym membership; during this trial period, the gym required her to present her debit card, which she did. The gym represented to Ms. Ospina that her US Bank card would not be charged against unless she chose to continue past the free trial period. She did not have an obligation to purchase a membership.

8. During Ms. Ospina's free trial period, she closed her debit card account for unrelated reasons.

9. Ms. Ospina decided not to join the gym.

10. The gym charged Ms. Ospina's debit card, although she had decided not to join.

11. US Bank allowed the transaction, though Ms. Ospina had canceled that account; this action caused an overdraft, and US Bank charged Ms. Ospina non-sufficient funds ("NSF") fees.

12. Ms. Ospina disputed these charges with the gym and US Bank. The gym refunded her money; however, US Bank refused to forgive the NSF charges despite its mistake.

13. Ms. Ospina disputes these charges because they are non-bona fide.

14. US Bank has since turned this account over to a collection agency, Regent.

15. Regent contacted Ms. Ospina via letter and telephone calls. She informed Regent verbally and in writing that she was represented by counsel. She asked that they cease collection tactics. She informed them that she vehemently disputes the subject charges. Regent threatened to turn her account over to its lawyers, who were "being instructed not to negotiate a reduction of the debt and not to accept payment plans less than the entire balance." One of Regent's recent letters (dated May 15, 2010) states the following: "If you once again fail to respond, we will understand that you have no intention of paying the bill unless you are sued and forced by the power of law to honor your obligations."

16. DSC has serviced this account on behalf of Regent. DSC has called Ms. Ospina. During one of the phone calls, a representative from DSC threatened a lawsuit against Ms. Ospina. This action was never taken. Upon information and belief, Regent has since taken over servicing of the account.

17. Regent's and DSC's actions have interfered with Ms. Ospina's privacy and caused her grief. She has endured loss of enjoyment of life, anxiety, stress, aggravation, and fear.

## V. CLAIMS

### COUNT ONE

### Fair Debt Collection Practices Act

18. Plaintiff incorporates by reference paragraphs one through the preceding as though fully rewritten here.

19. Defendants, Regent's and DSC's, foregoing acts in attempting to collect and collecting this debt constitute violations of the FDCPA, including, but not limited to, the following sections:

   i. § 1692c(a)(2): contacted Plaintiff after it knew her to be represented by an attorney;

   ii. § 1692c(c): contacted Plaintiff after written notification that Plaintiff refused to pay the debt or that Plaintiff wanted collector to cease communication;

   iii. § 1692d: any conduct the natural consequence of which is to harass, oppress, or abuse any person;

   iv. § 1692d(5): caused the phone to ring or engaged any person in telephone conversation repeatedly;

   v. § 1692e: any false, deceptive, or misleading representation or means in connection with the debt collection; and

   vi. § 1692e(5):  threatened to take action that was not intended to be taken.

### COUNT TWO

### Invasion of Privacy by Intrusion Upon Seclusion

20. Plaintiff incorporates by reference paragraphs one through the preceding as though fully rewritten here.

21. Regent and DSC intentionally interfered, physically or otherwise, with Ms. Ospina's solitude, seclusion, or private concerns or affairs.

4


22. Ms. Ospina had a reasonable expectation of privacy in her solitude, seclusion, or private concerns or affairs.

23. Regent's and DSC's intrusion occurred in a way that would be highly offensive to a reasonable person in Ms. Ospina's position.

24. Ms. Ospina was upset and extremely embarrassed as a result of Regent's and DSC's intrusion, and she is entitled to damages, costs, and attorneys' fees.

WHEREFORE, Plaintiff, Luzangela Ospina, prays for the following relief:

a) actual damages in excess of $25,000 as to all counts;

b) punitive damages; and

c) any other relief this Honorable Court deems appropriate.

Respectfully Submitted,

/s/ Philip D. Zuzolo
Philip D. Zuzolo (0081865)
Danielle L. Workman (0085338)
ZUZOLO LAW OFFICES, LLC
Attorney for Plaintiff
700 Youngstown- Warren Road
Niles, Ohio 44446
Tel: 330 652-1609
Email: lawyers@zuzolo.com

## JURY DEMAND

Plaintiff Ospina demands a trial by jury in this cause with the maximum number of jurors permitted by law.

/s/ Philip D. Zuzolo
Philip D. Zuzolo (0081865)
Danielle L. Workman (0085338)
Zuzolo Law Offices, LLC
Attorney for Plaintiff